EDWARD D. LATTA, JR., EXECUTOR AND TRUSTEE OF THE ESTATE OF
EDWARD D. LATTA, SR., AND EDWARD D. LATTA, JR., INDIVIDUALLY,
v. H. L. McCORKLE AND WIFE, DORA ELIZABETH McCORKLE;
MAMIE MAY McCORKLE COOK AND HUSBAND, J. H. COOK; FRED
LOUIS McCORKLE, PEARL LEONA McCORKLE WILSON AND HUS-
BAND, HOLMAN WILSON; IDA LU DELLA McCORKLE McWHIRTER
AND HUSBAND, B. P. McWHIRTER; PAUL JONES McCORKLE, HUGH
MYERS McCORKLE AND WIFE, NINA RUTH McCORKLE, AND SON,
RONNIE MYERS McCORKLE, ROSALIE McCORKLE, EDWARD
LEROY McCORKLE, HARRIET ELIZABETH McCORKLE, LOUIS
COOK, HILDA MAY COOK, ALICE JACKALINE COOK, ELLA MAY
COOK, GRACE COOK, NORA LEE COOK, EVA COOK, JOHNNY MOR-
GAN COOK, GLORIA McWHIRTER; AND ANY UNBORN CHILDREN
OR GRANDCHILDREN OF THE SAID H. L. McCORKLE; J. E. STUKES,
GUARDIAN AD LITEM FOR ROSALIE McCORKLE, EDWARD LEROY
McCORKLE, HARRIET ELIZABETH McCORKLE, LOUIS COOK,
HILDA MAY COOK, ALICE JACKALINE COOK, ELLA MAY COOK,
GRACE COOK, NORA LEE COOK, EVA COOK, JOHNNY MORGAN
COOK, GLORIA McWHIRTER, AND RONNIE MYERS McCORKLE;
AND FOR THE UNBORN CHILDREN AND GRANDCHILDREN OF H. L. McCOR-
KLE AND WIFE, DORA ELIZABETH McCORKLE, AND FOR ANY
UNKNOWN PARTIES IN INTEREST, AND TRUSTEES OF THE GENERAL ASSEM-
BLY OF THE PRESBYTERIAN CHURCH IN THE UNITED STATES
AND THE PRESBYTERIAN FOUNDATION, INC.; ASHEVILLE MIS-
SION HOSPITAL, NORTH CAROLINA ORTHOPEDIC HOSPITAL,
ACTON LATTA PORCHER AND HUSBAND, WILLIAM H. PORCHER;
WILLIAM H. PORCHER, JR., HARRIET PORCHER, JEANIE LEA
FARGASON AND HUSBAND, JOHN T. FARGASON; THE UNBORN CHILDREN
AND GRANDCHILDREN OF MR. AND MRS. WILLIAM H. PORCHER, AND THE
UNBORN CHILDREN AND GRANDCHILDREN OF E. D. LATTA, JR.

(Filed 4 May, 1938.)

1. **Wills § 33d: Trusts § 5—Trustee held properly directed to pay taxes
and preserve property pending termination of trust.**

Testator directed his trustee to hold a designated house and lot to give
a certain beneficiary a home therein for life, with provision that after
the beneficiary's death, the trustee should convey title to certain children
and grandchildren of the beneficiary in accordance with a limited discre-
tion in the trustee. No provision was made in this particular provision
of the trust for the payment of taxes and costs of repairs on the house.
It appeared that the beneficiary was an aged and crippled former em-
ployee of testator, that several trusts were set up in the will, that several
life annuities were provided for, and the trustee given discretion to
manage the estate as testator would have done if living, with power to
appoint his successor by deed or will, with provision for the vesting of
the *corpus* of the estate after all the trusts had been executed in certain
religious organizations. *Held:* An order directing the trustee to pay
taxes on the house and lot and to keep same in repair, even though the
comparatively small amount necessary therefor would be at the expense
of the beneficiaries under the residuary trust, is proper, such construc-

tion of the will being necessary to effectuate the primary purpose of testator to provide a home for life for his aged and crippled employee. C. S., 7985.

**2. Executors and Administrators § 24—**

Beneficiaries not made parties to an agreement for the distribution of the estate are not effected thereby and their rights must be determined solely by the provisions of the will.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Olive, Special Judge,* at March Term, 1938, of MECKLENBURG. Affirmed.

*Robinson & Jones for plaintiff.*
*Carswell & Ervin and G. E. Fields for defendants.*

DEVIN, J. The question presented by this appeal arose upon the petition of the plaintiff, executor and trustee, for advice and instruction relative to the following paragraph of the will of his testator: "I also direct my said trustee to acquire and hold in trust a lot of land located in Dilworth, in the city of Charlotte, fronting fifty feet on Kingston Avenue, and running back with that width one hundred and fifty feet, and known as lot 705 on the map of Dilworth, and to expend thereon the sum of thirty-five hundred dollars in the erection of a residence to be used and occupied by H. L. McCorkle and his family during the term of his natural life, and upon his death, and the death of his wife, my said trustee shall, in the exercise of his absolute discretion, either convey the same to the surviving children of the said H. L. McCorkle and such of his grandchildren, who shall be without living parents at said time, as my said trustee shall select, or he may hold said property in trust for the sole use and benefit of all the grandchildren of said H. L. McCorkle, who may be living at his death, altogether free from the claims of any of his children."

It appears that H. L. McCorkle, a carpenter, had been a faithful employee of the testator for thirty years, that he is now crippled and unable to work, that the taxes on the property above described are due and unpaid for the year 1931 and all subsequent years, and that repairs are necessary to preserve the house during the lifetime of the beneficiary and his wife, and that there are no assets in this particular trust fund except the house and lot, occupied as a home and from which no income is derived.

The will of the plaintiff's testator, in addition to the item above quoted, contains numerous provisions not necessary to be considered in the decision of this appeal. However, it may be proper to state briefly that the testator, after making bequest to his wife, devised the residue

of his estate to Edward D. Latta, Jr., executor and trustee, in trust for the purposes therein set out, including the payment of annuities and legacies to several persons, with provision that the rest of the income be paid to the trustees of the General Assembly of the Presbyterian Church, and certain hospitals, with the further provision that when the trustee or his successor shall have fully administered all the trusts imposed by the will, the *corpus* of the *residuum* should be turned over to the named religious and charitable institutions. Discretion was vested in the trustee to manage the estate in such manner as in his opinion the testator would have managed it if living. Power was given the trustee to appoint by deed or will his successor, and upon his death, without having done so, the Wachovia Bank & Trust Company was designated to carry out the trusts created by the will.

The court below, in addition to the facts recited, found that all specific legacies have been paid and annuities kept up, that the assets remaining in the hands of the trustee amounted to about $139,000 in personalty, in addition to extensive real estate holdings in Charlotte and Asheville, and thereupon adjudged that in order to prevent the loss of the property held in trust as a home for H. L. McCorkle and family the trustee was authorized to use the assets remaining in his hands for the purpose of paying taxes, insurance, and such repairs as were necessary to preserve the building on the lot described, during the continuance of the trust. It was further directed that all amounts of money used for this purpose be taken out of the funds in the hands of the trustee as necessary administration expenses and not charged to any particular share in the residue of the estate.

From an examination of the language in which the trust for the benefit of H. L. McCorkle and family was created, in connection with the circumstances surrounding, it is obvious that the direction to the trustee "to acquire and hold" the lot and erect a dwelling house thereon was for the purpose of providing a home for an aged employee, now unable to work, and for his wife and children. It reasonably appears that unless the taxes are paid the property will pass from the beneficiary and he be left homeless in his old age. This would defeat the purpose of the trust and destroy it entirely. It could not have been so intended by the testator. The direction to the trustee to acquire and hold the property for the purposes declared and to control its ultimate devolution carries the necessary implication that it would be the duty of the trustee to preserve it. The statute (C. S., 7985) imposes the duty upon a trustee having the care and control of property to pay the taxes thereon out of the trust fund in his hands. While there are no funds belonging to this particular provision of the trust, there are funds in the trustee's hands which the court directed him to use for this purpose as other administration expenses.

It is contended by the plaintiff, however, that to require him to pay the taxes and other expenses to preserve this property would make it necessary for him to use income and funds devised in the will as a residuary trust for the benefit of other beneficiaries. But the appellees here are immediate beneficiaries of an active trust wherein the trustee is charged with duties not only with respect to holding the property, but also with duties to be performed by him after the death of H. L. McCorkle and his wife in the conveyance of the property to their children and grandchildren. To permit the title to the property to be lost through sale for unpaid taxes would nullify the manifest intention expressed in the will for the benefit of all those whom he had in mind. Hence, the purpose of the testator in creating the trust should not be allowed to fail by reason of the nonpayment of the comparatively small sums involved, even though it may be at the expense of beneficiaries under a residuary trust.

It may be well to note that the rights of the parties in this proceeding are determinable according to the provisions of the will of Edward D. Latta, Sr., and are not affected by the agreement between the executor and other devisees, and the judgment of Harding, J., thereon, referred to in the case of *Latta v. Trustees of the General Assembly of the Presbyterian Church, ante,* 462, since H. L. McCorkle and the members of his family were not parties to that agreement nor affected by that judgment.

The judgment of the court below upon the petition of the trustee for advice and instruction as to the quoted paragraph of the will is

Affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.